

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 12, 1975

The Honorable Dorman H. Winfrey
Director, Texas State Library
P.O. Box 12927
Austin, Texas 78711

Opinion No. H- 550

Re: Authority of the Texas
State Library to use federal
funds to purchase a computer.

Dear Mr. Winfrey:

You have requested our opinion regarding the authority of the Texas
State Library to use federal funds to purchase a computer. You state that
the Texas Library & Historical Commission, as the governing body of the
Texas State Library, ha's approved the expenditure of $300,000 in federal
funds to purchase a computer; that the advice, but not the approval of the
Systems Division of the State Auditor's Office has been obtained; and that
the Governor's Office of Information Services has issued a report recom-
mending the expenditure.

Specifically, you ask:

> 1. Whether the Texas State Library, since it has
> sought the advice of the Systems Division of the State
> Auditor's Office, has complied with the rider to the
> Library & Historical Commission appropriation, and
> may now proceed with a purchase requisition for a
> computer without the consent of the Systems Division.
>
> 2. Whether the Texas State Library has complied
> with the provisions of article 5, section 37 of the
> General Appropriations Act for fiscal 1974 and 1975.
>
> 3. Whether the rider to the Library & Historical
> Commission appropriation applies to federal funds
> received by the Texas State Library.

p. 2470

The rider to the Library & Historical Commission appropriation states:

> None of the funds appropriated hereinabove to the
> Library and Historical Commission shall be expended
> to rent, lease or purchase a computer or any additional
> electronic data processing equipment without the advice
> of the Systems Division of the Auditor's Office.

Section 37 of article 5 of the General Appropriation Act provides in pertinent part:

> Funds appropriated in this Act and budgeted by
> agencies and departments in Articles I through
> IV for the acquisition of computer and computer-
> related equipment or services, including soft-
> ware program products and the employment on
> a fee basis of any private firm or person acting
> in the capacity of data processing consultants or
> supplying computer support services for any
> executive department or agency shall be expended
> only after a determination by the Governor, in
> accordance with the provisions of House Bill No.
> 50, Acts of the Sixty-second Legislature, Fourth
> Called Session, that the following facts have
> occurred:
>
> > (a) That a detailed report has been prepared
> > outlining the steps taken to utilize like resources
> > already existing within the agencies of the state
> > and the conditions requiring the additional
> > resources.
> >
> > (b) That the assistance of the Systems Division
> > of the State Auditor's Office and the Office of
> > Information Services, Governor's Office, has
> > been sought and that both have concurred in the
> > proposed expenditure.

With regard to your first question, it is clear that the Texas State Library need obtain only the advice of the Systems Division of the State Auditor's Office as provided by general law.   V. T. C. S., art. 6252-12a. Any requirement that expenditure of these funds be contingent upon the approval  of some other executive agency is invalid.  Attorney General Opinion H-207 (1974);  Attorney General Opinion M-1199 (1972).  Such a grant of authority would amount to enactment of general legislation in an appropriation bill, in violation of article 3, section 35 of the Texas Constitution.  Moore v. Sheppard, 192 S. W. 2d 559 (Tex. Sup. Ct., 1946). Furthermore, the existing general legislation on this subject, article 6252-12a, V. T. C. S., provides only that a state agency, before it purchases computer equipment, must obtain the advice of the Systems Division. Our answer to your first question, therefore is, that the Texas State Library need not have the consent of the Systems Division in order to purchase a computer.

But although the Library appears to have fully complied with the rider to its specific appropriation, it must also comply with section 37 of article V before it may proceed with its purchase.

We have previously held invalid, in Attorney General Opinion H-207 (1974), the requirements of subsection (b) of article V, section 37, i. e., that the State Auditor's Office and the Governor's Office shall have concurred in any expenditure of funds for computer equipment and services.  The Opinion upheld subsection (a), however, since it merely requires the Governor's determination of the existence of a fact, and does not depend upon the exercise of discretion.  You have submitted for our inspection a detailed report entitled "Texas State Library Data Processing Requirements" prepared by the Governor's Office of Information Services.  Although this report may well fulfill the requirements of subsection (a), we believe that it is for the Governor to determine whether the report does so in fact. Since subsection (a) is the only contingency provision of article V, section 37 which may be validly applied, it is our opinion that the Texas State Library has fully complied with those provisions as soon as the Governor has made the requisite factual determination.

With regard to your third question, we first observe that available federal funds are appropriated to the various state agencies by article V, section 19, of the General Appropriations Act, which states:

> All funds received from the United States Govern-
> ment by agencies named in this Act are hereby
> appropriated to such agencies for the purposes for
> which the Federal grant, allocation, aid or payment
> was made, subject to the provisions of this Act.

The rider to the Library and Historical Commission appropriation which requires that the advice of the Systems Division be obtained before a computer is purchased appears in article III of the General Appropriations Bill.   The language of the rider specifically limits its effect to "the funds appropriated hereinabove," i. e. , the line items appropriated to the Library and Historical Commission (Emphasis added).   No federal funds are appropriated to the Commission in article III: the only appropriation of federal funds is made in article V.   We must presume that the Legislature's choice of "hereinabove" rather than "herein" signifies its intention to limit the application of the rider to those funds appropriated prior in space to the limiting language.   Accordingly, we hold that the rider to the Library and Historical Commission appropriation does not apply to funds appropriated to the Commission which are totally federal in character.

## SUMMARY

> The Texas State Library need not obtain the
> consent of the Systems Division of the State Auditor's
> Office in order to purchase a computer, but it must
> comply with subsection (a) of article V, section 37 of
> the General Appropriations Act before making the
> expenditure.   The Library has fully complied with the
> provisions of article V, section 37 as soon as the
> Governor has made the requisite determination pursuant
> to subsection (a), since subsection (b) therein is invalid.
> The rider to the Library and Historical Commission
> appropriation does not apply to funds received by the
> Texas State Library which are solely federal in origin.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg